[No. 7,168.—In Bank.]

# J. DE BARTH SHORB ET AL. v. PRUDENT BEAU-
# DRY ET AL.

CORPORATION—PARTNERSHIP.—W. and T. & B., with two others, in pursuance
of the contract stated below, formed a corporation for the purpose of acquir-
ing lands and water rights, and of developing and selling the same, the cap-
ital stock to belong, one-half to W. and one-half to T. & B.; and in pursu-
ance of the agreement, W. and T. & B. conveyed to the corporation certain
lands, to be paid for by the corporation at specified rates; and W. also
conveyed to it certain other lands and water rights, for which T. & B.
agreed to pay him the sum of $50,000, as follows: T. & B. agreed to ad-
vance money to the corporation for the purchase of certain lands, and
also such sums as might be necessary for the purpose of developing its
waters; and it was agreed, that one-half of such advances should be credited
on their indebtedness to W., and also that two-thirds of the share of T. &
B. in the proceeds of sales of lands conveyed to the corporation by W.
should be paid on the said indebtedness. T. & B. failed to advance the
money required of them by their contract; and it therefore became neces-
sary for the corporation to use all the money arising from the sales of lands
in purchasing the additional land required, and in the development of the
water. In an action brought by the executors of W. against the assignee of
T. & B. for a settlement, held, that the relation of the corporation to W. and
T. & B. was substantially, if not technically, that of a trustee, and the rela-
tion of W. and T. & B. to each other, that of partners; that the entire cap-
ital stock of the corporation should be treated as partnership assets; and the
share of each in the same was the value of his original contribution, in-
creased by his share of profit or loss.

ID.—ID.—JUDICIAL SALE—COMMISSIONER.—Accordingly, a decree was ordered
that the entire capital stock be sold by a commissioner; and that out of the
proceeds, after paying the expenses of the sale and the costs, there be paid
to the plaintiffs the amount contributed by W. in excess of the contributions
of his co-partners; and that the balance be equally divided between the
plaintiffs and the defendant (the assignee of T. & B.).

APPEAL from a judgment for the plaintiffs, and from an order
denying a new trial, in the Seventeenth District Court. SEPUL-
VEDA, J.

The agreement referred to in the opinion was executed by B.
W. Wilson, F. P. F. Temple, and Prudent Beaudry, and by J.
de Barth Shorb and H. S. Ledyard, the last two being mere
nominal parties; and its terms were substantially as follows:

Wilson agreed to convey to the corporation 2,100 acres in the
Rancho San Pascual, and certain water rights; and also another
tract, containing 400 acres, for which he was to receive one-half
of all the capital stock, and to be paid by Temple & Beaudry,

for the San Pascual tract and the waters, $50,000; and by the corporation, for the 400 acre tract, $10 per acre.

Temple & Beaudry agreed to convey to the corporation 2,000 acres of land, for the sum of $10 per acre; and to advance to the corporation the money necessary to purchase an additional 1,000 acres of land, from Craig & Groghan, at a price not to exceed $14 per acre; and also to advance such sums as might be necessary for the full and proper development of the waters of the corporation; such advancements to be made upon the demand of Wilson, and one-half thereof to be credited on their indebtedness to him; the balance of said indebtedness not to bear interest for one year from the date of the conveyance by Wilson, provided that two-thirds of the shares of Temple & Beaudry, in the proceeds of sales of the lands conveyed by Wilson to the corporation, should be paid on said indebtedness.

It was also agreed, that the amount to become due to Wilson from the corporation, for the 400 acre tract, should not bear interest for one year from the date of his conveyance, provided that two-thirds of the proceeds of sales of the said tract, after the payment to Wilson of the amount due him from Temple & Beaudry, should be used in paying Wilson for the said lands until the same was fully paid for, and should then be applied to the payment of any balance that might remain due to Temple & Beaudry for the 2,000 acre tract.

It was further agreed, that the amount to become due to Temple & Beaudry from the corporation, for the 2,000 acre tract, should not bear interest for one year from the date of their conveyance, provided that two-thirds of all amounts received by said corporation (after the payment of the indebtedness of Temple & Beaudry to Wilson), from the sales of the said 2,000 acres, should be used in paying the said indebtedness to Temple & Beaudry; and when that was fully paid, should then be applied to the payment of any unpaid balances remaining due to Wilson for the conveyance of his aforesaid interests.

It was also agreed, that the indebtedness of the corporation to Wilson and to Temple & Beaudry, respectively, should, after the expiration of one year from their respective conveyances, bear interest at the rate of 10 per cent. per annum.

It was found by the Court, that the amount required for the

purchase of the Craig & Groghan land was $11,434.50; and for the development of the waters of the corporation, $50,000; that due demand was made on Temple & Beaudry for the advance of this money; but that they failed and refused to advance any part thereof, except $9,833.38 advanced by Beaudry, and $8,215.73 advanced by Temple; that the corporation had realized, from the sales of lands, $60,000; that the whole of this (except the sum of $5,765.14 drawn by Wilson, and of $3,240.75 drawn by Beaudry), together with the amounts advanced by Temple & Beaudry, were, with the consent and knowledge of the parties, used by the corporation in the purchase of the Craig & Groghan tract, and in the development of the waters of the corporation and other expenses thereof; that Temple conveyed to the corporation 2,156 acres of land, instead of the 2,000 agreed to be conveyed by him and Beaudry.

The following statement, taken from the brief of respondents' attorneys, is inserted to show how the amount specified in the decree, as due to the plaintiffs, was arrived at:

Wilson contributed:

| | | |
|---|---:|---:|
| The San Pascual lands | $75,000 | 00 |
| The water of Kewen Canyon | 25,000 | 00 |
| The 400 acre tract | 4,000 | 00 |
| | $104,000 | 00 |
| Of this he was paid | 5,765 | 14 |
| Leaving his net contribution | $98,234 | 86 |

| | | |
|---|---:|---:|
| Temple contributed 2,156 acres of land, at ten dollars an acre (fol. 15–257) | $21,560 | 00 |
| And contributed in money (fol. 217) | 8,215 | 73 |
| | $29,775 | 73 |
| He drew out and appropriated | 3,240 | 75 |
| Leaving net contribution | $26,534 | 98 |
| Beaudry contributed (fol. 217) | 9,833 | 38 |

And refused to contribute any more.

| | | |
|---|---:|---:|
| Making the total amount contributed by both | $36,368 | 36 |

The case therefore stands thus:

Net amount contributed by Wilson.............$ 98,234 86
Net amount contributed by Temple & Beaudry....  36,368 36

Amount contributed by Wilson in excess of the
    others.............. ..................'............... $61,866 50
This excess went into the concern July 20th, 1875.

*Brousseau & Howard*, and *Brunson & Wells*, for Appellant.

*Glassell, Smith & Smith*, and *Thom & Stephens*, and *Garber, Thornton & Bishop*, for Respondents.

SHARPSTEIN, J.:

The respondents claim that "the facts alleged in the complaint, and admitted by the answer, show a partnership between Wilson and Temple & Beaudry, or at least such relations between them as are equivalent to a partnership, and render them *inter sess*, subject to the same liabilities and entitled to the same rights."

It appears from the uncontroverted facts of this case that the plaintiffs' testator, Wilson, and Temple & Beaudry, associated themselves together for the purpose of uniting in one owner certain lands and water rights, some of which they then owned, and some of which were to be obtained from other parties, for the purpose of developing and selling the same, and dividing the proceeds of the sales between themselves, according to the terms of their agreements in writing. For the purpose of becoming incorporated, they took into their association Ledyard and Shorb, neither of whom appears to have contributed anything to the capital stock, or to be entitled to any share of the proceeds of sales. They agreed to incorporate and to convey, and to procure to be conveyed, lands and water rights to the corporation. Temple & Beaudry agreed to pay to plaintiffs' testator a stipulated price for one-half of the land which he conveyed to the corporation, and they agreed to convey some land which they owned, and to advance money to purchase other land, and also to advance money for improving and developing the entire body of land conveyed to the corporation. The plaintiffs' testator,

Wilson, performed all of his agreements, but Temple & Beaudry failed to perform the major part of theirs.

That the corporation was formed as a mere agency for more conveniently carrying out the agreements between Temple, Beaudry, and Wilson, is sufficiently apparent. As a corporation, it paid nothing, incurred no liability, and was not to receive any part of the proceeds of the sales of land, except for the purpose of developing and improving the property held by it. All the profits were to be distributed among the three members of the association, in the proportion fixed by their contract. No certificates of stock were ever issued by the corporation, nor was it comtemplated that any ever should be. The relation which the corporation sustained to Wilson, Temple, and Beaudry was substantially, if not technically, that of a trustee. As was said by this Court in *Chater* v. *S. F. S. R. Co.* 19 Cal. 246, 247: "The truth is, the corporation, under our system, following such an agreement, would be the mere agency of the associates, created for the sake of convenience in carrying out the agreement, *as between those who made the bargain,* the different characters or forms in which or by which the bargain was made, and the order in which the several parts of it were executed, making no substantial difference in the obligation."

Substantial justice can be administered in this case by treating the parties in the light of their agreements between themselves, independently of their incorporation, and in no other way that we have been able to discover can this be done. Laying aside the act of incorporation, their relations to each other were those of partners, "and the share of each in the partnership property is the value of his original contribution, increased or diminished by his share of profit or loss." (Civ. Code, § 2403.) Before the commencement of this action, Wilson died, and Victor Beaudry, by purchase, succeeded to the interests of Temple and Prudent Beaudry. Either of these events was sufficient to dissolve the partnership, and to entitle the representatives of Wilson to a final settlement of the partnership affairs. Victor Beaudry, by purchasing the interests of Temple and Prudent Beaudry, occupies the same position in respect of the partnership effects that they would have occupied if they had retained their respective interests in the partnership, and to noth-

ing more. The record in this case shows that an accounting was had in this action, and that the Court has found how much each of the partners advanced or brought into the partnership, and how much each has taken out, and nothing remains to be done beyond so modifying the decree that each may receive of the residue of partnership assets an amount proportioned to the amount found to be due him upon the accounting which has been had. And for this purpose the entire capital stock of the corporation, known as the "Lake Vineyard Land and Water Association," must be treated as partnership assets, and be sold at public auction, to the highest bidder for cash, under the order and decree of the Court, and either of the parties must be permitted to bid at such sale, and the proceeds of such sale must be distributed between the representatives of Wilson and the defendant, Victor Beaudry, in the proportion to which each is entitled under the rule herein before stated.

Ordered, that this cause be and the same hereby is remanded to the Superior Court of Los Angeles County, with directions to said Court to modify its judgment heretofore entered herein, so that the same shall accord with the foregoing opinion; and as so modified, said judgment is hereby affirmed.

McKINSTRY, J., MYRICK, J., and McKEE, J., concurred.

[ROSS, J., being disqualified, took no part in the decision of this case.]

By the COURT:

In the above-entitled action, it is ordered and adjudged, that the Superior Court of the county of Los Angeles, to which this cause is remanded, make and enter the following decree in the place and stead of the decree heretofore entered in said action:

"Upon the record herein, and pursuant to the judgment and decision of the Supreme Court in that behalf, it is hereby ordered, adjudged, and decreed, that the entire capital stock of the defendant corporation, the Lake Vineyard Land and Water Association, be sold in lots of 100 shares each by [here insert the name of whomever may be appointed commissioner by said Superior Court] who is hereby appointed a commissioner for

that purpose, at public auction, to the highest bidder for cash, after twenty days' public notice in at least one newspaper printed and published in said county of Los Angeles. That any of the parties to this action may bid at such sale and become purchasers thereat; and that said commissioner, on receipt of the purchase-money for any lot or lots of said stock, execute and deliver to the purchaser or purchasers thereof, at said sale, a good and sufficient deed of conveyance, transfer, and assignment of the number of shares of said capital stock of said corporation so purchased by such purchaser or purchasers; said deed so made by said commissioner shall operate to transfer to the purchaser or purchasers receiving the same a good and sufficient title in and to all the said capital stock purchased by such purchaser or purchasers.

"And it is further ordered, adjudged, and decreed, that said corporation and the proper officers thereof, upon presentation of said deed or deeds of conveyance, transfer, and assignment, issue to the said purchaser or purchasers, or to such other person or persons as the said purchaser or purchasers shall designate, a proper certificate or certificates for all the said shares of its capital stock so purchased and conveyed to such purchaser or purchasers, and make suitable and proper entries in that behalf upon the books of said corporation, that the said persons to whom said certificates are issued shall appear to be the stockholders of said corporation upon said books.

"And it is further ordered, adjudged, and decreed, that out of the proceeds of the said sale, the said commissioner first reimburse himself all the costs and expenses of the sale ; second, pay to the plaintiffs the amount of their costs herein, taxed at $168 ; and third, pay the plaintiffs the further sum of $61,366.50, being the amount advanced and contributed by B. D. Wilson, in his life-time, to the partnership, set forth in the complaint, in excess of the amount contributed by his copartners, with legal interest thereon from the 20th day of July, A. D. 1875, less the sum of      , received by the plaintiffs herein from the defendant corporation, or so much thereof as the said proceeds will pay ; and fourth, that he divide the balance, if any, equally between the plaintiffs and the defendant Victor Beaudry."

And it is further ordered, that the blank space between the

words " of " and " received," in lines 17 and 18 of page 3 of the above form of decree, be filled with a statement of such sum as it may be found upon an accounting therefor that the plaintiffs have received from said defendant corporation since the original decree was entered in the Court below. And that the said Superior Court be and it is hereby directed to cause an accounting to be had for the purpose of ascertaining how much money, if any, has been received from the said defendant corporation by the plaintiffs since the entry of said original decree, and that such accounting be limited to that object exclusively.

[NOTE.—Lines 17 and 18, referred to above, are in the last paragraph of the form of decree.]