maintain the action.    The court refused so to instruct, to which ruling the defendants excepted.

*Satterwhite & Curtis*, for Appellants.

*Henry M. Willis*, for Respondent.

---

[No. 8913.    Department One.—June 23, 1885.]
CHARLES   MAIN,  Respondent,  v.  EUGENE  CAS-
SERLY  et  al.,  Appellants.

Corporation—Promissory Note—Ultra Vires.—A corporation is liable on
    its promissory note, the consideration of which it has received and retained,
    although the note was executed in pursuance of a contract *ultra vires.*
Promissory Note—Interest upon Default—How Computed.—Where a prom-
    issory note provides that in case of non-payment at maturity it shall bear inter-
    est at a certain rate until paid, interest should be computed upon it from its date
    and not from the time of default.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*W. S. Goodfellow*, for Appellants.

*J. Howard Smith*, for Respondent.

McKEE, J.—This is an action against the stockholders of a corporation, organized under the laws of the State, by the name of the "Lassen County Land and Flume Company," to recover judgment upon a promissory note in words and figures following:—

"$8,250.00.        SAN FRANCISCO, July 25, 1877.

"Twelve months after date, for value received, the Lassen County Land and Flume Company promised to pay to the order of Henry Toomy eight thousand two hundred and fifty (8,250) dollars, in United States gold coin, without interest. In case of non-payment at maturity this note shall bear interest at ten per cent per annum until paid.

"(Signed)        EUGENE CASSERLY, President, etc.

"F. R. BUNKER, Secretary."

[CORPORATE SEAL.]

The payee of the note was a stockholder of the corporation and owner of 5,500 shares of its stock. At the same time he was largely indebted to the corporation; and he proposed, if the company would buy his stock at a stipulated price and give him its promissory note to secure payment of the same, that he would negotiate a sale of the note, and apply the moneys which he received for it in payment of his debt to the corporation. The company agreed, purchased the stock by the formalities required by law, and executed and delivered to him the note in suit, which he sold, indorsed, and delivered to the plaintiff before maturity, and out of the moneys received in the transaction he paid into the treasury of the corporation several thousand dollars in satisfaction and discharge of his indebtedness to the corporation.

By the executed agreement the company has therefore received 5,500 shares of stock and several thousand dollars, which it proposes to keep and repudiate its promissory note, upon the ground that the transaction was *ultra vires* and void.

Assuming that the contract of purchase was *ultra vires*, the law does not allow a corporation to retain the benefits which it has received from the contract and escape liability upon it. "The invalidity of a contract," says Mr. Sedgwick in his work on Statutory and Constitutional Law, p. 73, "is subject to the equitable exception that, although a corporation in making a contract acts in disagreement with its charter, where it is a

. simple question of capacity, or authority to contract, arising either on a question of regularity of organization, or of power conferred by the charter, a party who has had the benefit of the agreement cannot be permitted, in an action founded upon it, to question its validity. It would be in the highest degree inequitable and unjust to permit the defendant to repudiate a contract, the fruits of which he retains."

The exception referred to is founded upon the fact that the contract, though invalid, has been executed in the interests of the corporation and for its benefit and advantage. Where, therefore, it has received the fruits of such a contract, it cannot refuse payment on the ground that it had no power to contract. It would be otherwise if the contract had not been executed.

The law of the subject is thus expressed in *Bradley* v. *Bradley,* 53 Ill. 413: "While a contract remains executory the powers of corporations cannot be extended beyond their charter limits for the purpose of enforcing it. Not only so, but on the application of a stockholder or of any other person authorized to make the application, a court of chancery would interfere and forbid the execution of a contract *ultra vires.* . . . . But if one of the contracting parties proceeds in the performance of the contract, expending his money and his labor in the production of value, which the corporation appropriates, we can never hold the corporation excused from payment on the plea that the contract was beyond its power.

"In cases of such a character courts simply say to corporations, you cannot, in this case, raise the question of your power to make the contract. It is sufficient that you have made it, and by so doing, have placed in your corporate treasury the fruits of others' labors, and every principle of justice forbids that you be permitted to evade payment by an appeal to the limitations of your charter."

Upon this principle rest the cases of *Pixley* v. *W. P. R. R. Co.* 33 Cal. 198, and *Foulke* v. *San Diego S. P. R. R. Co.* 51 Cal. 365, decided by this court.

The parties contracted that in case of non-payment at maturity, the note should bear interest until paid; and there was no error in computing interest upon it from its date and not from the

time of default. (*Hackenbury* v. *Shaw,* 11 Ind. 392; *Parvin* v. *Hoopes,* 1 Morris, 294.)

We find no prejudicial error in the record.

Judgment affirmed.

McKINSTRY, J., and Ross, J., concurred.