[In Bank — September 28, 1883.]

### L. CORNELL, RESPONDENT *v.* FRANK CORBIN ET AL., APPELLANTS.

FRAUD — FORECLOSURE OF MORTGAGE — DEFENSE. — A., by means of fraudulent representations, induced B. to purchase from him a mine. Part of the consideration was a sum of money, one half of which was to be paid at the date of the conveyance, and the other half to be secured by the note of B., and a mortgage on the mine. As the other part of the consideration, A. was to receive a certain number of the shares of stock of a corporation thereafter to be formed, to which the mine was to be conveyed by B. A. executed a conveyance to B., the first payment was made, and the note and mortgage were given as agreed upon. Subsequently the proposed corporation was formed, and B. conveyed the mine to it in accordance with the terms of the agreement. No certificates of stock were

issued, but each of the parties retained their respective interests as agreed upon. A. sued to foreclose the mortgage given by B. for the unpaid purchase money. B. was made a defendant, but there was no demand for a personal judgment against him. *Held*, that the corporation was formed as a mere agency in carrying out the agreement between the parties, and that B. could set up the fraud of A. as a defense in the foreclosure suit.

APPEAL from a judgment of the Superior Court of the county of Plumas.

The facts are stated in the opinion of the court.

*J. D. Goodwin, D. W. Jenks, John C. Hall,* and *Arthur Rodgers,* for Appellants.

*W. S. Goodfellow,* and *R. H. F. Variel,* for Respondent.

MYRICK, J. — This is an action to foreclose a mortgage alleged to be held by the plaintiff, assignee of George P. Cornell, for twenty-five thousand dollars, to whom the notes and mortgages were executed by the defendants Corbin and Handy. The date of the assignment to plaintiff as stated in the complaint is a day subsequent to the maturity of the notes. The complaint alleges that the defendant corporation has some interest in the mortgaged premises subject to the mortgage. During the pendency of the proceedings the complaint was amended by stipulation, by striking out the name of the defendant Corbin in the prayer that judgment for deficiency be docketed.

The defendants Corbin and the Indian Valley Mining Company answered, denying the assignment to plaintiff and that she is or ever was the owner of the notes or mortgage. For a further defense, and by way of set-off, the same defendants, in their answer, averred in substance, among other matters, the following: George P. Cornell, being the owner of the undivided one half of a mine, undertook to obtain title to the other undivided one half, and to convey the mine to Handy and Corbin upon the payment to him by them of one hundred thousand dollars, he (Cornell) to have a certain amount of the stock of a corporation to be thereafter organized. The agreement as to the payment was subsequently modified so as to make the payment to be, money fifty thousand dollars, and fifty thousand dollars by notes and mortgage. (The two notes in suit are for the last

twenty-five thousand dollars, the first note for twenty-five thousand dollars having been paid.)    The answer contains averments of specific acts of fraud on the part of Cornell and Handy, by and through which Corbin was induced to join in the purchase and to pay two thirds of the first payment of fifty thousand dollars, and to expend fifty thousand dollars in the working of the mine.    It is averred that it was agreed, as parts of the transaction, that Handy and Corbin should proceed to the Eastern States and procure a corporation to be organized, and that the mine should be conveyed by Corbin and Handy to such corporation, and each of the parties, Cornell, Corbin, and Handy to have named proportions of the shares of the stock.    In pursuance of this arrangement, the defendant, the Indian Valley Mining Company, was incorporated, and, after the execution of the notes and mortgage for fifty thousand dollars, the mine was conveyed to it.    No stock of the corporation has been issued, but the parties still retain their respective interests as agreed upon.

For the purposes of this decision we regard the assignment of the notes and mortgage in suit, from George P. Cornell to the plaintiff, his wife, as having been made after maturity and without value, and that the plaintiff must be regarded as George P. Cornell would have been regarded.    We also deem the acts of fraud averred in the answer to be sufficient to justify relief, if Corbin and Handy still retained the title to the mine and were the only defendants.    The question, then, for consideration is, has the creation of the corporation, and the conveyance to it of the title, since the execution of the mortgage, so far changed the relations of the parties to each other and to the property, as that no relief can be afforded?

The plaintiff asserts:  1. As to the defendant Corbin, by the complaint as amended, no judgment was sought against him which could in any way operate to the injury of his legal rights; by reason of his conveyance to the corporation he had no estate or interest in the land which could be affected by the decree; he had no interest in the controversy, and was not therefore in a position, either in his own behalf or jointly with the corporation, to set up matters of defense as alleged in the answer. 2. In respect of the corporation, such title as it has was acquired

subsequent, and is subject and subordinate to the mortgage; the corporation therefore, in effect, acquired such interest in the property as would remain after satisfying the mortgage; in this view, the foreclosure proceeding is not an attack upon its property rights, and it cannot deny the validity of the debt; whatever may have been the fraudulent practices of Cornell and Handy upon Corbin, the corporation has had no dealings with Cornell, and it has no counter-claim or off-set, nor any damage to recoup.

It might, perhaps, be conceded that if the corporation was an independent existence, having no relation to the parties or their purposes or agreements, these assertions would be entitled to weight; but in cases like the present a court of equity reaches beyond the form and shadow of things and grasps the substance. In this case the formation of the corporation was a part of the transaction at its inception, and its existence was used to carry out the plan. We can repeat, with reference to the facts of this case, what was said by this court with reference to the facts in *Shorb* v. *Beaudry*, 56 Cal. 446, that the corporation was formed as a mere agency for more conveniently carrying out the agreements between the parties is sufficiently apparent; as a corporation, it paid nothing and incurred no liability; the profits, if any, would be distributed among the three parties in the proportion to the shares of stock held by them according to the contract; no certificates of stock had been issued, but the ownership of the shares remains in first hands. The relation which the corporation sustained to Cornell, Handy, and Corbin was substantially, if not technically, that of a trustee. Substantial justice can be administered in this case by treating the parties in the light of their agreements between themselves, independently of their incorporation, and in no other way that we have been able to discover can this be done.

Corbin, by means of fraudulent representations made by Cornell and Handy, was induced to enter into a contract whereby he was to pay, and in pursuance of which he did pay, thirty-three thousand dollars. It was further agreed, that in consideration that Cornell should convey the mine (through Corbin and Handy) to a corporation to be formed, the corporation should in effect assume a mortgage to Cornell for fifty thou-

sand dollars, twenty-five thousand dollars whereof has been paid. Corbin, in consideration of his assent that the deed should be made to the corporation (through him and Handy), and that the corporation should pay the amount secured by the mortgage in order to relieve its assets of the lien, was to receive a certain share of the stock of the corporation. When formed the corporation became a party to the agreement. The fraud practiced on Corbin was the inducing him to receive, in return for his money, a share of the stock of the corporation laden with the lien of the mortgage. If he has a right to relief at all, by way of recoupment, by reason of the fraud, he can seek it only by asking that the assets of the corporation (and thus his shares of the stock therein) be relieved of the balance of the mortgage. Admitting that his stock is personal property, and that he has no equitable estate in the *land* conveyed to the corporation, will equity refuse him help for that reason?

In *Jones* v. *Bolles*, 9 Wall. 364, it was held that a *stockholder* could enjoin the setting up of a claim for purchase money against the lands of a company (corporation) whose capital stock was divided into shares—the vendor having induced the stockholder to take the stock by a promise not to assert his claim for the purchase money.

The effect of the foreclosure of plaintiff's mortgage against the company must be to depreciate the value of Corbin's stock.

The answer shows that Corbin owned *all* the stock, except that belonging to Cornell and that claimed by Handy.

The corporation was a proper party, because, first, it held legal title to the mine, and secondly, it was a proper party to the answer of Corbin, although the relief prayed was in its favor. (*Jones* v. *Bolles, supra.*)

The judgment is reversed, with instructions to overrule the demurrer to the answer of the defendants Corbin and the Indian Valley Mining Company.

McKINSTRY, J., ROSS, J., and THORNTON., J., concurred.

SHARPSTEIN, J., dissenting.—I dissent.   It appears that the mortgage sought to be foreclosed was executed by the defendants Corbin and Handy to plaintiff's assignor, G. P. Cornell,

and that after the execution of the mortgage, and before the commencement of this action, the mortgagors conveyed the mortgaged premises to the defendant corporation. That being so, I think it to be well settled that the defendant who took and holds the premises subject to the prior mortgage is estopped from questioning the consideration or validity of it. (*Freeman* v. *Auld*, 44 N. Y. 50.) In New York it was repeatedly held that one who took title subject to a usurious mortgage, which by a statute of that State was absolutely void, was estopped from questioning its validity. (*Sands* v. *Church*, 6 N. Y. 347; *Murray* v. *Judson & Sands*, 9 N. Y. 73; *Hartley* v. *Harrison*, 24 N. Y. 170; *Dix* v. *Van Wyck*, 2 Hill, 522.) And I think it equally clear that the defendant Corbin, one of the mortgagors, after conveying his entire interest in the mortgaged premises to the defendant corporation, cannot in this action attack the validity of the mortgage on the ground that it was obtained from him through fraud. No personal judgment is sought against him for any deficiency there may be after applying the property to the debt. The pleadings show that he had no title or interest in the mortgaged premises to be affected by the decree. His being a stockholder in the defendant corporation would not in any conceivable case entitle him to set up a defense which the corporation could not. Nor do I think that he could have the matters set up in the cross-complaint which the court refused him leave to file, litigated in this action. The relief which he demanded was a judgment against his co-defendant Handy for the sum of $300,000, and to have the plaintiff adjudged to be an involuntary trustee of the notes and mortgage executed by him, Corbin, and Handy, for the benefit of him, Corbin.

In the language of Comstock, C. J., in *National Fire Insurance Company* v. *McKay et al.* 21 N. Y. 191: "I do not see that anything was in litigation between him and the plaintiff, or that any judgment could be rendered against him, except one for costs for interposing a groundless defense to the suit. According to the answer, no cause of action existed against him. The complaint claimed nothing against him personally, and stated no facts as the foundation of such a decree. The answer showed that he had no title or interest in the mortgaged premises to be affected by the decree." The plaintiff seeks to have the mortgage

foreclosed, and alleges facts sufficient to entitle her to that relief.

The only other party interested in the question is the defendant, who purchased the mortgaged premises subject to the mortgage. I am unable to discover how defendant Corbin, who, according to his answer, has no interest in the mortgaged premises, can thrust himself into a case in which the sole question is, whether the plaintiff is entitled to a judgment which will affect nothing except the mortgaged premises. How he is going to litigate in this action, the question whether he has been defrauded by his co-defendant, Handy, and other persons who are not parties to the action, is to me incomprehensible. If *Chater* v. *S. F. Sugar Refinery Co.* 19 Cal. 220, or *Shorb* v. *Beaudry,* 56 Cal. 446, sustains the contention of the appellants, I must confess my inability to see it. I am unable to discover that any such question was involved or considered in either of those cases.

I think the judgment and order appealed from should be affirmed.