[No. 18091.   Department Two. — October 13, 1893.]

## H. GRIBBLE ET AL., RESPONDENTS, v. THE COLUMBUS BREWING COMPANY ET AL., APPELLANTS.

CORPORATIONS—MORTGAGE—EXCESS OF PRESIDENT'S AUTHORITY—RATIFICATION—ESTOPPEL.—Where the president of a corporation authorized to execute a mortgage, included in the note and mortgage terms and conditions which the corporation had power to authorize but did not authorize him to insert, and the corporation by its representations and declarations and acts through its directors intentionally led the mortgagees to believe that the president was authorized to insert such terms and conditions, and received the consideration from the mortgagee and applied the money to its own use, including the payment of a prior mortgage which included similar terms and conditions, and, with full knowledge of such terms and conditions, used the consideration and paid the interest thereon monthly as it became due upon the note and mortgage, such acts of the corporation constitute a ratification of the acts of its president, and an *estoppel in pais*, precluding the corporation from questioning his authority.

ID.—PRINCIPAL AND AGENT—RECEIVING FRUITS OF UNAUTHORIZED CONTRACT—ACQUIESCENCE.—Corporations equally with individuals are subject to the rule that where, with full knowledge of all the facts involved, a principal reaps the fruit of an unauthorized contract of his agent, and for some time yields acquiescence to its provisions, he will be deemed to have ratified it, and will be estopped as against one who has fully performed the contract on his part, from repudiating it to the injury of the latter.

ID.—PLEADING—DENIAL OF AUTHORITY—ADMISSION OF RATIFICATION.— Where the answer denies the authority of the president of the corporation to execute the mortgage, but does not deny the facts constituting a ratification of his acts, plaintiffs are entitled to judgment without proof of the president's original authority.

ID.—RATIFICATION BY CORPORATION CONCLUDES ASSIGNEE IN INSOLVENCY. The assignee in insolvency of a corporation, which has ratified a note and mortgage executed by its president, is concluded by such ratification, where there is no suggestion of fraud, and the creditors whom he represents are not subsequent purchasers in good faith for valuable consideration.

ID.—PLEADING BY ASSIGNEE—DENIAL UPON INFORMATION AND BELIEF— PRESUMPTION.—A denial upon information and belief by the assignee of an insolvent corporation, that certain appliances were attached to the

realty, and were fixtures, is insufficient. Such assignee must be pre-
sumed to have been in possession of the property, and to have known
whether or not the appliances named were so attached, and the denial
should be positive in form.

Appeal from a judgment of the Superior Court of
Sacramento County.

The facts are stated in the opinion.

*Holl & Dunn, Clinton L. White,* and *Add C. Hinkson,*
for Appellants.

*Armstrong & Platnauer,* for Respondents.

Searls, C.—This is an action to foreclose a mortgage.
A decree in favor of the plaintiffs was entered upon the
pleadings, from which Lee Stanley, the assignee in in-
solvency of the Columbus Brewing Company (a corpo-
ration), defendant, appeals.

The admitted facts of the amended and supplemental
complaint, coupled with certain affirmative allegations
of the answer, show that the property described in the
pleadings and known as the Columbus Brewery, with
the machinery, trade fixtures, tools, etc., was formerly
owned by Chris. Wahl and wife, who, on the twenty-
seventh day of October, 1890, conveyed the same to the
defendant, the Columbus Brewing Company, subject to
a debt of sixteen thousand dollars, secured by a mort-
gage upon the real property and a chattel mortgage
upon the personalty, held by the Germania Building
and Loan Association, and evidenced by a promissory
note drawing interest at ten and one-half per cent per
annum.   This mortgage contained a provision that for
a failure to pay any installment on said note when due,
or any interest thereon when due, a foreclosure might
be had for the whole at the option of the mortgagee, and
for counsel fees on foreclosure.   On the ninth day of
March, 1891, the defendant corporation, being desirous
of paying off the debt so secured by mortgages upon its
property, negotiated a loan of seventeen thousand dol-
lars of the plaintiffs, and to secure the same with interest

at ten per cent, by its president, authorized as herein-
after stated, made its promissory note to plaintiffs for
said sum of seventeen thousand dollars, with interest at
ten per cent, interest payable monthly, and if not so
paid then the whole of the principal and interest to be-
come due and payable. To secure the payment of said
promissory note the defendant, by its president, author-
ized as hereafter stated, executed a mortgage upon its
property, including fixtures, tools, etc. The mortgage
provided for a counsel fee on foreclosure, and that a
receiver might be appointed, etc.

The following is a copy of the motion and resolution
under which authority was given to the president of the
corporation defendant to make the note and execute
the mortgage, except that the resolution as offered and
passed contained the words *one year* as the period for
the loan, and by inadvertence and mistake in making a
record of the resolution the words *five years* were written
instead of one year:

The following motion was made by E. Gunn, seconded
by J. Schneider: "Whereas, this corporation is indebted
to the Germania Building and Loan Association in the
sum of sixteen thousand dollars ($16,000), and it is de-
sirous to transfer said loan to other parties; and whereas
further, H. Gribble and Seth Gainsley have offered to
loan to said corporation the said sum of sixteen thou-
sand dollars and one thousand dollars more, making
seventeen thousand ($17,000), and to take a mortgage
on the real and personal property belonging to said cor-
poration:

"It is therefore resolved that the president be, and he
is hereby, authorized and directed, in the name and for
the use and benefit of said corporation, to negotiate said
loan of seventeen thousand dollars ($17,000), with in-
terest thereon at the rate of ten per cent per annum,
from the said Gribble and Gainsley, for the period of
five (5) years, and in the name and for the benefit of
said corporation, to execute, acknowledge, and deliver
to said Gribble and Gainsley a mortgage on all the real

and personal property belonging thereto, or so much thereof as may be necessary to secure said loan; and the president is further authorized and directed to do any and all acts in the name of the corporation that may be necessary to secure said loan."

Plaintiffs advanced to the corporation defendant the seventeen thousand dollars, with which the latter paid off and discharged the prior mortgage held by the Germania Building and Loan Association, and used the residue of the loan in its business; that the defendant corporation had full knowledge of all the facts stated herein, including the fact that the loan was made for one year, that interest was payable monthly, and as to all stipulations and covenants of the note and mortgage, and with such knowledge it paid the interest on the promissory note monthly, as the same became due, until July 5, 1891, when for one month it failed to pay the interest which became due, whereby, by the terms of the note, the principal and interest became due, and this action was brought to foreclose the mortgage.

The corporation answered the amended and supplemental complaint, admitting all the allegations thereof except the claim therein of a counsel fee of eight hundred and fifty-seven dollars, and averred that five hundred dollars is as much as should be allowed by the court as a counsel fee.

Subsequent to the commencement of the action the corporation defendant was adjudged insolvent, and defendant Lee Stanley was duly appointed assignee of said insolvent, qualified as such, and is still assignee. He was made a defendant herein, and has answered, raising the questions presented by the foregoing facts.

Succinctly stated, his answer admits the indebtedness to the plaintiffs, but denies the authority of the president of the corporation defendant to contract the loan for one year, or to make the interest payable monthly, or to provide that if not so paid the principal should become due, or to provide for the payment of a counsel fee upon a foreclosure of the mortgage. He also avers

as to certain property, averred in the complaint to be fixtures attached to the building and necessary to the brewing business conducted therein, a want of information or belief sufficient to enable him to answer, and therefore denies the truth of the allegations relating thereto.

Plaintiffs' mortgage was recorded upon execution and notice of *lis pendens* filed when the action was commenced.

The prayer of the complaint, among other things, demands that the plaintiffs may be subrogated to the lien and rights of the Germania Building and Loan Association; that defendant Stanley be estopped to deny that the president of the corporation defendant had authority to execute the note and mortgage as therein specified; that the resolution of the corporation be reformed so as to read " one year" instead of " five years," etc.

Conceding, without deciding, that the president of the corporation defendant was without authority to execute the mortgage for the term, and with the conditions as to the dates at which interest was to be paid, the penalty following nonpayment of such interest, and the provision as to a counsel fee upon foreclosure, and we still think the decree was proper.  The note and mortgage were such as the corporation had a right to authorize, and consequently were not *ultra vires.*  The most that can be claimed is that the contract, as executed, was in excess of the power conferred by the board of directors upon the president; that it varied from the authority given him.  In this respect the transaction does not differ from that of an agent of an individual who has exceeded his authority.  That which a principal may authorize an agent to perform he may ratify when performed by the latter without authority.  And where, with full knowledge of all the facts involved, a principal reaps the fruits of the unauthorized contract of his agent, and for some time yields acquiescence to its provisions, he will be deemed to have ratified it, and

will be estopped, as against one who has fully performed the contract on his part, from repudiating it to the injury of the latter. And this doctrine applies to corporations equally with individuals. (*Main* v. *Casserly*, 67 Cal. 127; *Pixley* v. *W. P. R. R. Co.*, 33 Cal. 198; 91 Am. Dec. 623; *Foulke* v. *San Diego etc. R. R. Co.*, 51 Cal. 365; *Bradley* v. *Ballard*, 55 Ill. 413; 8 Am. Rep. 656; *Jones* v. *Clark*, 42 Cal. 180.) Taylor, in discussing the question of acquiescence by private corporations in the unauthorized acts of their agents, at section 211 of his work on corporations, uses the following language: " If an unauthorized act is done on behalf of a corporation, although the corporation may not be bound by the act as done, yet if the corporation, or that corporate authority which would have been competent to do the act, knowingly ratifies it or accepts the benefit of it, or if all the persons having a right to object to the act knowingly acquiesce in it, the act will be as binding on the corporation as if it had been originally authorized. This proposition is but an application of the doctrine of the law of agency, that when a person ratifies the unauthorized act of another who has purported to act on his behalf, the legal effect of the act will be the same as if it had been authorized before it was done." "A voluntary acceptance of the benefits of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." (Civ. Code, sec. 1589; *Borel* v. *Rollins*, 30 Cal. 409.) It is not deemed necessary to pursue this inquiry farther, or to quote at greater length from the multitude of authorities in support of the position.

The foregoing remarks must be understood as applying to private corporations and to executed contracts. The rule as to municipal corporations, and as to executory contracts by private corporations, is quite different.

The admitted facts of this case, which bring the defendants within the doctrine enunciated, may be epitomized thus:

1. The president of the corporation defendant included in the note and mortgage terms and conditions which the corporation had power to authorize, but which it did not authorize him to insert.

2. The defendant corporation received the consideration of seventeen thousand dollars from the plaintiffs, and applied the money to its uses, including the payment of a prior mortgage upon its property, and the extinguishment of the lien thereof.

3. The corporation defendant, by its representations, declarations, and acts, through its directors, intentionally led the plaintiffs to believe, and they did believe, the president of the corporation was authorized to execute the note and mortgage for one year, with interest payable monthly.

4. The defendant corporation, with full knowledge of the terms and conditions of the note and mortgage, received and used the consideration of seventeen thousand dollars, and paid the interest thereon monthly, as the same became due, from March 9, 1891, to July 5, 1891.

These facts are sufficient to constitute a ratification of the acts of the president of the corporation, and are sufficient to support the invocation of an *estoppel in pais* set out in the complaint.

A review of the answer of defendant Lee Stanley shows that he admits the indebtedness of seventeen thousand dollars and interest; that he nowhere denies that the note and mortgage were in fact executed, as set out in the complaint, but he does deny the *due execution* of those instruments, or that the president of the corporation defendant was authorized so to do, or that the defendant ever promised to pay interest except annually, etc. The second defense sets out the motion and resolution of the defendant authorizing the president to negotiate the loan and to execute the mortgage, and avers the mistake by which one year was changed so as to read *five years*. He further avers that at the date of the mortgage the defendant corporation was indebted

to divers persons in large sums of money, which have not been paid, etc. The denials of the answer do not extend to the facts constituting a ratification, hence we are enabled to say they are strictly true, and yet the plaintiffs, by reason of the additional facts which are not denied, are entitled to a judgment.

The cases of *Read* v. *Buffum,* 79 Cal. 77; 12 Am. St. Rep. 131; and *Southern Cal. Col. Assn.* v. *Bustamente,* 52 Cal. 192, are authority for the necessity of proof as to the authority of corporate agents, but have no application to a case like the present, where the want of authority in such agent is admitted, and the validity of the contract is based upon the ratification by the corporation of the confessedly unauthorized act of its agent.

*Schallard* v. *Eel River S. & Nav. Co.,* 70 Cal. 144, and *Hardin* v. *Iowa Ry. etc. Co.,* 78 Iowa, 726, are relied upon to defeat the right of plaintiffs to recover an attorney's fee on foreclosure. The same considerations apply to this contention as to that touching the authority of the agent. There was no suggestion in either of those cases as to a ratification by the defendants of the unauthorized acts of their agents.

The defendant, Lee Stanley, is in no better situation than the corporation defendant, and is equally concluded with it. There is no suggestion of fraud, and the creditors whom he represents are not subsequent purchasers in good faith for valuable consideration, nor are they shown to have any specific lien, or any lien, upon the property.

The estate of the insolvent constitutes a fund for their payment, and that estate must be supposed to be enriched just so much by the seventeen thousand dollars furnished it by the loan of the plaintiffs, and being secured by a specific lien, they, like any other holders of like liens, are entitled to precedence to the extent of their lien over general creditors. In *Darst* v. *Gale,* 83 Ill. 136, and *Beecher* v. *Marquette etc. Mill Co.,* 45 Mich. 103, the courts held that subsequent purchasers of the mortgaged property could not show that the corporations

had executed the mortgages in excess of their corporate powers.

The denial upon information and belief by defendant Lee Stanley that certain appliances in the brewery were attached to the realty and were fixtures was insufficient. Defendant, as assignee in insolvency, must be presumed to have been in possession of the property and to have known whether or not the appliances named were so attached, and hence the denial should have been positive in form. (*Loveland* v. *Garner*, 74 Cal. 298, and cases there cited.)

The judgment appealed from should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

FITZGERALD, J., McFARLAND, J., DE HAVEN, J.