[L. A. No. 920.    Department Two.—December 7, 1901.]

D. F. HUNT, Respondent, v. C. C. DAVIS, Appellant.

<div style="float:right">
135 31|
149 38|
</div>

CORPORATION—AGENCY TO CARRY OUT CONTRACT—ENFORCEMENT OF TRUST—INJUNCTION.—Where a corporation was formed as an agency for more conveniently carrying out the written agreement of two parties in relation to the newspaper business, to which the parties had contributed, as agreed, in advance of the incorporation, upon the final failure of the business one of the parties may enforce a trust as against the other, in respect of shares agreed upon, and may enjoin him from removing and disposing of the assets; and, in the interests of justice, such suit will be determined in the light of their agreement between themselves, independently of the corporation.

ID.—PLEADING—GENERAL DEMURRER—UNCERTAINTY OF COMPLAINT AIDED BY ANSWER.—Where no special demurrer was filed to the complaint, and any uncertainty arising from the generality of its allegations was aided by the full and specific statement of the answer, and a cause of action was stated in a general and meager way, the judgment cannot be reversed because of the overruling of the general demurrer.

ID.—REFUSAL TO STRIKE OUT AVERMENTS—HARMLESS ERROR.—Harmless error in refusing to strike out averments from the complaint is to be disregarded upon appeal.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. S. Day, Judge.

The facts are stated in the opinion.

Richards & Carrier, and John J. Boyce, for Appellant.

J. W. Taggart, for Respondent.

SMITH, C.—The defendant appeals from a judgment rendered against him in the court below. The appeal is on the judgment-roll; and the case, as presented by the findings, is as follows: On the twenty-third day of November, 1898, the plaintiff and defendant entered into an agreement, evidenced by the two writings set out in the defendant's answer,—the one being a written proposition, signed by Hunt, the other a formal agreement, embodying the terms of the proposition, executed by both parties, which is as follows:—

" Memoranda of agreement: Made on the twenty-third day of November, 1898, between C. C. Davis and D. F. Hunt, both of the city of Santa Barbara, California, Witnesseth:

" Whereas, the said Davis is about to form a corporation for the purpose of conducting a newspaper and job printing office; and

" Whereas, said Hunt is desirous of receiving a share therein;

" It is agreed between them that the said Davis shall convey to said corporation so to be formed,—

" 1. The machinery, presses, type, etc., this date purchased of the American Type Founders Co. and constituting the newspaper and job plant heretofore used by D. F. Hunt.

" 2. One triplex Mergenthaler linotype machine, with all appliances complete, all set up ready for operation.

" 3. All new type and other material, office furniture, etc., essential to the publication of a seven-column folio newspaper.

" 4. Fifteen hundred dollars in cash for working capital. ·

"All said property to be put in at the actual cost to the said Davis, as shown by vouchers to be produced by him, and there shall be reckoned as a part of the property so put in by Davis $1,600.00 this day paid by him to the American Type Founders Co. to discharge the indebtedness of said Hunt to said company.

" The said Hunt, in consideration of receiving one-fourth share in said corporation, agrees to convey to said corporation the newspaper now conducted by him, called the 'Equity,' and the good will for said 'Equity' and of the job office conducted by him, and all the machinery, type, office furniture and fixtures now in his printing office, except such portion thereof as is returned by said Hunt to the American Type Founders Company under agreement of even date herewith. The material and good will to be furnished by Hunt is estimated at $1,000.00, and the said Hunt agrees to give his notes to the said Davis for the difference between one thousand dollars and one fourth of the actual cost of the property and the money put in by Davis, as above stated; said notes to bear seven per cent interest, and are to be paid out of the shares of the profits of the business coming to said Hunt. The said Hunt shall be foreman of the mechanical department of said printing business (except the Mergenthaler), and shall receive

a salary of $75 a month—$60 to be paid in cash, and $15 to be credited on said note until paid. And dividends coming to said Hunt shall also be credited on said notes, and at any periods during which no dividends are earned, no interest shall be charged on said notes.

" The said Davis agrees to convey to said Hunt, in consideration of the covenants· herein contained, one quarter of the capital stock of said corporation, and to surrender the notes for $1,600.00 given by said Hunt to the American Type Founders Company, and purchased by said Davis, upon the making of the notes above mentioned.

" The said Davis shall receive a salary as officer of said corporation of $75 a month, but agrees that he will not draw any salary until six months after the organization of said corporation.

" Said corporation to be fully organized on or before February 1st, 1899, and the covenants to be completed within said time.

"In witness whereof, the parties hereto have hereunto set their hands the day and year first above written.

<div align="right">

" (Signed)    C. C. DAVIS,

" (Signed)    D. F. HUNT."

</div>

In pursuance of these agreements, but in advance of incorporation, the contributions of the parties to the business as stipulated were made, and on the twenty-first day of January following the contract they began the publication of a daily newspaper and the conduct of a job office, and continued the same until April 8, 1899, when, as explained below, it was discontinued.

The corporation provided for was organized by Davis, March 25, 1899, with a capital stock of $10,000, represented by one thousand shares, of the par value of ten dollars each; and thereupon the assets contributed to the business by the parties, respectively, were transferred by him to the company.

The business proving unprofitable, it was discontinued by order of the board of directors on the eighth day of April, 1899; and it is found that it can no longer be profitably carried on, and that, by reason of the relations of the parties, its further prosecution is impossible. It is also found that the conditions of the contract have been performed by the parties,

respectively, with the exception of Hunt's agreement to give his notes and Davis's to transfer stock; and " that by reason of the closing of said business and the impossibility of carrying on the same at a profit, the notes provided to be given by plaintiff to defendant in part payment of the one-quarter interest in said business would be worthless, and could never be paid in accordance with the terms of said agreements."

Finally, it is found,—"XX. That plaintiff has contributed to said enterprise the good will of said newspaper ' Equity ' and certain materials which were estimated in said contracts as of the value of $1,000.00, and defendant Davis has contributed to said enterprise $8,100.00—$6,600.00 in machinery, presses, etc., and $1,500.00 in working capital. And plaintiff and defendant are the equitable owners of the assets of said corporation, and entitled to hold the capital stock thereof in proportion to their contributions to the assets thereof."

The suit was brought to enjoin the defendant from removing the effects of the corporation from the county and disposing of the same, and for other and general relief. And the court found, as conclusions of law, that the defendant holds in trust for the plaintiff one hundred and nine shares of stock of the corporation (less one share already delivered), which the plaintiff is entitled to have transferred to him; and that until the transfer is made he is entitled to the continuance of the injunction issued in the case. Judgment was entered accordingly.

The case, we think, comes directly within the authority of *Shorb* v. *Beaudry,* 56 Cal. 450, and other cases following that decision. " The corporation was formed as a mere agency for more conveniently carrying out the agreements " of the parties; and the relation sustained by it to them is " substantially, if not technically, that of a trustee." And, as in the case cited, it must be held that " substantial justice can be administered in this case by treating the parties in the light of the agreements between themselves, independently of their incorporation, and in no other way." (*Shorb* v. *Beaudry,* 56 Cal. 450, and *Charter* v. *San Francisco etc. Co.,* 19 Cal. 247, there cited; *Cornell* v. *Corbin,* 64 Cal. 200; *Kohl* v. *Lilienthal,* 81 Cal. 397; *Behlow* v. *Fischer,* 102 Cal. 214-215.) The transfer of the stock was the simplest way of dividing the assets.

This conclusion disposes of the objections that the case is not one for specific performance and that the judgment is not supported by the findings, and also of the objection that finding XX is unsupported by any allegation of the pleadings, for the finding is simply a conclusion from the other facts found, and pleaded either by the plaintiff or the defendant. The remaining objections are, that the court erred in overruling the demurrer to the complaint and in refusing defendant's motion to strike certain passages therefrom. The complaint is somewhat meager in its statement of facts, but, we think, in the absence of a special demurrer calling attention to the generality of its allegations, was sufficient; and in this case the complaint is aided by the full and specific statement of facts contained in the defendant's answer. (*Herd* v. *Tuohy,* 133 Cal. 55, and cases there cited.) With regard to the refusal of the court to strike out portions of the complaint, if there was error, it was entirely harmless, and is therefore to be disregarded. (Code Civ. Proc., sec. 475.)

We advise that the judgment be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.