[Civ. No. 117.    First Appellate District.—December 14, 1905.]

## GEORGE W. KELLY, Respondent, v. NING YUNG BENEVOLENT ASSOCIATION, Appellant.

ACTION FOR ATTORNEY'S SERVICES—EMPLOYMENT BY DEFENDANT CORPORATION—SERVICES TO AUXILIARY CORPORATION—SUPPORT OF VERDICT.—In an action to recover for the services of an attorney rendered at request of the defendant benevolent association, in reference to or connected with an auxiliary cemetery corporation, for the temporary burial of Chinese for ultimate transfer to China for burial, *held,* that the jury were authorized to find from the evidence that the cemetery corporation was merely an agency or instrumentality adopted by defendant for carrying out the purposes of its incorporation, and that defendant was liable for whatever services were rendered at the request of defendant to such auxiliary corporation.

ID.—ULTRA VIRES—EXECUTED CONTRACT FOR SERVICES—ESTOPPEL OF DEFENDANT.—Defendant cannot object that it was *ultra vires* for

defendant to provide for the ultimate transfer of buried Chinese to China, as against the plaintiff who is not seeking to enforce an executory contract against the plea of *ultra vires,* but is suing to obtain compensation for services rendered under a contract with defendant which has been fully executed and whose fruits it is now enjoying. Defendant assumed such action to be within its corporate powers, and engaged and had received the services of the attorney for the purpose of carrying it into effect; and having received the benefit of his services, was estopped to claim that it had no power to employ him.

ID.—EMPLOYMENT OF ATTORNEY BY SECRETARY OF CORPORATION—EVIDENCE OF POSITION AND AUTHORITY—ABSENCE OF RECORDS—ESTOPPEL.—The testimony of the attorney that he was originally employed by the secretary of the defendant corporation, and that defendant paid for services rendered by him, was admissible, though based upon the statement of the secretary that he was such, in connection with the testimony showing his position and authority. The fact that he was secretary could be shown by testimony other than the records of the corporation, which, after having received the benefit of the attorney's services, is estopped to repudiate its liability therefor on the ground that his employment is not set forth in its records.

ID.—EMPLOYMENT SHOWN BY CONDUCT—RULES AS TO ESTOPPEL AND RATIFICATION.—The employment of an attorney by a private corporation, as well as by an individual, may be shown by its conduct, and the rules under which it may be estopped from disputing its liability for his acts, or by which its ratification of his acts may be established, are the same.

ID.—CONTRIBUTION BY SIX COMPANIES TOWARD COMPENSATION—PRESUMPTION.—The defendant is not relieved of its obligation to compensate the attorney for the services rendered at its request, and for which it agreed to pay him, upon the ground that such services were of benefit to the Six Companies, who contributed a portion of his compensation. It is to be presumed that the jury, in rendering its verdict, considered the amount which he received from the Six Companies.

ID.—STATEMENT ON MOTION FOR NEW TRIAL—INSTRUCTIONS—INSUFFICIENT SPECIFICATIONS.—Where the statement on motion for a new trial shows only three instructions requested by the defendant, and contains a specification of error in refusing a fourth instruction requested by the defendant, without any specification of error in the refusal of the third instruction requested, error claimed in the third instruction is not available for a reversal of the judgment.

ID.—INSTRUCTION INAPPLICABLE TO EVIDENCE—A requested instruction which was inapplicable to the evidence, and comprised a condition contrary thereto, was properly refused.

ID.—INTERPRETER BETWEEN ATTORNEY AND PRESIDENT—JOINT AGENCY—ADMISSIONS.—Where the attorney was unable to speak Chinese, and

the Chinese president of tne defendant was unable to speak English, and the secretary of the corporation acted as an interpreter between them, the interpreter must be regarded as their joint agent for the purpose of communication between them, and the statement of what they said in the presence of each other are regarded as the statements of the persons themselves, and like any other admissions may be shown by the testimony of any person who heard them, without calling the interpreter as a witness.

ID.—DEPOSITION—SUFFICIENCY OF NOTICE—PRESENCE AND. CROSS-EXAMINATION—WAIVER OF OBJECTION.—Where, at the taking of a deposition for the plaintiff, the attorney for the defendant was present and took part in the cross-examination of the witness, and there was no claim that the defendant had suffered any detriment from insufficiency of the notice, and there was no prompt motion to suppress the deposition by reason of injury sustained, an objection first made at the trial for want of sufficiency of the notice was properly overruled.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court

Campbell, Metson & Campbell, for Appellant.

C. G. Nagle, and Nagle & Nagle, for Respondent.

HARRISON, P. J.—Action to recover from the defendant for certain legal services rendered it by Charles G. Nagle. and assigned to the plaintiff. The cause was tried by a jury and a verdict rendered in favor of the plaintiff for $600. A motion for a new trial was denied, and the defendant has appealed. It is not controverted that Mr. Nagle rendered the services, nor does the appellant question their value, but contends that the evidence was insufficient to show that Mr. Nagle was employed by the defendant, and that the services which he did render were not rendered to the defendant, but to another corporation.

1. The defendant was organized as a benevolent corporation in 1892 for the purpose of aiding and assisting Chinese persons in California who may be indigent or needy through sickness or any other, cause. As a part of these functions, it interested itself in the removal from California of the Chinese

dead, for burial in China, and for that purpose had obtained from the supervisors of San Francisco the right to bury these dead Chinese in the city cemetery. In 1897 the discontinuance of burials in San Francisco was bruited, and the defendant became desirous of acquiring a burial place in San Mateo county. It was advised that under its charter it could not hold land for burial purposes, and that for that purpose it was requisite that a corporation be organized under the provisions of the Civil Code for cemetery corporations. Accordingly some of its members formed such a corporation under the name of Ning Yung Benevolent Association Cemetery, and a tract of land in San Mateo county was conveyed to this corporation for the purpose of a cemetery; and thereafter the burial of the dead by the defendant was had in this cemetery. The record does not show who were the officers of the cemetery corporation, or whether there were any other members thereof than members of the defendant, but it was shown that the cemetery corporation was incorporated at the instance of the defendant, and that the expenses attendant upon its incorporation and the cost of the land which was conveyed to it were paid by the defendant, and that the cemetery and the cemetery corporation were owned by the defendant. It was also shown that after its incorporation the defendant entered into a contract for the construction of a road leading to this cemetery and other work with one Whalen; that the secretary of the defendant went with Mr. Whalen to the office of Mr. Nagle for the purpose of having this contract prepared; that in that contract it was recited that Mr. Nagle was the attorney for the defendant, and that the work was to be done to his satisfaction; and it was also shown that the defendant paid Mr. Whalen $300 for the work done under this contract, and that an entry thereof was made in its books of record. Upon this evidence the jury was authorized to find that the cemetery corporation was merely an agency or instrumentality adopted by the defendant for carrying out the purposes of its incorporation, and that the defendant was liable for whatever services were rendered by Mr. Nagle at its instance or request in reference to or connected with said auxiliary corporation. (See *Chater* v. *San Francisco Sugar Co.,* 19 Cal. 248; *Shorb* v. *Beaudry,* 56 Cal. 446; *Cornell* v. *Corbin,* 64 Cal. 197, [30 Pac. 629]; *Hunt* v. *Davis,* 135 Cal. 31, [66 Pac. 957].) It

is not necessary to determine whether it was *ultra vires* for the defendant to make provision for the ultimate transfer to China for burial there of the remains of the Chinese under its care who might die in San Francisco, and as a means therefor acquire a cemetery for their temporary burial until such transfer could be made. The plaintiff is not seeking to enforce an executory contract against the plea of *ultra vires,* but to obtain from the defendant compensation for services rendered under a contract which has been fully executed and whose fruits it is now enjoying. *(Main* v. *Casserly,* 67 Cal. 127, [7 Pac. 426].) The defendant assumed such action to be within its corporate powers, and engaged and has received the services of Mr. Nagle for the purpose of carrying it into effect. Having received the benefit of his services, it is not now competent for it to claim that it had no power to employ him.

2. Mr. Nagle had acted as attorney and legal adviser of the defendant for about a year prior to the rendition of the services for which this action is brought, including the examination of the title to its real estate, preparation of books suitable for its business, and its records, effecting the incorporation of the auxiliary cemetery corporation above referred to, and the purchase of land for such cemetery, and in these matters his relations with the defendant were carried on chiefly through its secretary. He was paid for these services by the defendant, and was requested by its new president and secretary to continue to act as its attorney, and in pursuance thereof rendered the services for which this action is brought. During this period he had several conferences in reference thereto with its officers, including the president and secretary and some of its directors, at the headquarters or office of the defendant. After the larger portion of the services had been rendered he sent a letter in November, 1899, to the defendant, requesting some compensation, and in reference thereto the secretary came to his office with this letter, and stated to him that the defendant wished the Six Companies to contribute thereto, and asked him to write a letter for that purpose. Acting upon this request, he wrote such letter to the Six Companies, which he gave to the secretary, and in response thereto he received a request from the Six Companies to visit that body. Before doing so he went to the office of the de-

fendant, and there again met the president and secretary and others, including one of its directors, and was told by the secretary in the presence of the others that the Six Companies had agreed to pay him $500, and that the defendant would pay him the balance. The letter which he wrote to the Six Companies was in reference to services rendered toward removing the tax imposed for the disinterment and removal of the Chinese dead, and at the request of the defendant's secretary Mr. Nagle named therein the sum of $3,000 as his charge therefor. Mr. Nagle visited the Six Companies in company with the officers of the defendant, as requested by them, and thereafter received from them the sum of $500. Under this evidence the jury was authorized to find, not only that Mr. Nagle had been employed by the defendant, but also that the defendant had received and was in the enjoyment of the services rendered by him under such employment.

The objection to the testimony of Mr. Nagle that he was employed by the secretary of the defendant, upon the ground that it had not been shown that the person so employing him was such secretary, as well as the motion for a nonsuit on such ground, were properly overruled. Although the statement of the secretary that he held that office was insufficient of itself to prove that fact for the purpose of binding the defendant by his acts and representations, yet testimony that he made such statement was not incompetent, but could be considered in connection with other evidence of his authority. Moreover, whatever deficiency there may have been at first in establishing this fact was subsequently supplied, and it was shown by the testimony of witnesses introduced by the defendant that this person was its secretary. The fact that these witnesses contradicted the testimony of Mr. Nagle as to the terms or fact of his employment created only a conflict of evidence, and this was resolved by the verdict of the jury. It was not necessary for the purpose of making the defendant liable to Mr. Nagle for the services rendered under the employment of its secretary to show that there was a by-law of the defendant, or a formal resolution of its board of directors, giving its secretary such authority. The fact that he was the secretary could be shown by testimony other than the records of the defendant, and it had been testified by Mr. Nagle that this person was the secretary. It was not *ultra vires* for the

2 Cal. App.—30

defendant to procure legal services, or to employ an attorney for that purpose; and, after having received and enjoyed the benefit of such services it cannot repudiate its liability therefor on the ground that his employment is not set forth in its records. The employment of an attorney by a private corporation, as well as by an individual, may be shown by its conduct; and the rules under which it may be estopped from disputing its liability for his acts or by which its ratification of his acts may be established are the same. (*Pixley* v. *W. P. R. R. Co.*, 33 Cal. 183, [91 Am. Dec. 623]; *Main* v. *Casserly*, 67 Cal. 129, [7 Pac. 426]; *Crowley* v. *Genessee M. Co.*, 55 Cal. 273; *Gribble* v. *Columbus B. Co.*, 100 Cal. 71, [34 Pac. 527]; *Streeten* v. *Robinson*, 102 Cal. 542, [36 Pac. 946].) The defendant is not relieved of its obligation to compensate Mr. Nagle for the services which he rendered at its request, and for which it agreed to pay him, upon the ground that such services were also of benefit to the Six Companies, and that they contributed a portion of his compensation. The jury may be assumed, in determining the amount of their verdict, to have taken into consideration the amount which he had received from the Six Companies.

Other objections made by the defendant to the evidence offered on behalf of the plaintiff were either subsequently obviated or were not of such a nature that the rulings thereon, even if technically erroneous at the time they were made, would justify a reversal of the judgment.

3. In the statement on motion for a new trial the appellant has specified as an error of law that "the court erred in refusing to give the fourth instruction requested by the defendant." There is, however, in the body of the statement no instruction thus numbered. The statement recites that at the close of the evidence the defendant requested the court to give certain instructions to the jury, and directly thereafter sets forth three instructions correspondingly numbered, and no others. The court did not give the third instruction thus requested, and in its brief herein the appellant has argued that in this refusal it erred. As it did not specify the refusal to give this instruction as error, it is not available to it for a reversal of the judgment. We have, however, examined the instruction, and are of the opinion that, even if it had been properly excepted to, there was no error in refusing to give it. By it the court was requested to submit to the jury

to find that if it appeared from the evidence that the services of Mr. Nagle were rendered for the cemetery corporation, the defendant would not be liable to the plaintiff. There was no evidence before the jury from which they could have found the existence of this condition, and the court was justified in refusing to submit the proposition to them. Not only was there no evidence that the services had been rendered for that corporation, but Mr. Nagle gave direct testimony to the contrary.

4. The president of the defendant did not understand the English language, and Mr. Nagle was unable to converse in the Chinese language, and in one of the interviews at the office of the defendant the secretary acted as an interpreter between them. When Mr. Nagle stated this fact while testifying at the trial, the attorney for the defendant objected to his stating what the president had said, upon the ground that it was hearsay. The court overruled the objection and admitted the testimony. There was no error in this ruling. An interpreter who is selected by two persons speaking different languages as the medium of their communication with each other is regarded as their joint agent for that purpose, and the statements of what they say in the presence of each other are regarded as the statements of the persons themselves; and like any other admission may be shown by the testimony of any person who heard them without calling the interpreter as a witness. (Greenleaf on Evidence, sec. 183; *Commonwealth* v. *Vose,* 157 Mass. 393, [32 N. E. 355].)

5. An objection was made by the defendant to the introduction in evidence of a deposition taken on behalf of the plaintiff, on the ground that the notice of taking it was insufficient. It appeared from the deposition itself that the attorney for the defendant was present at the taking thereof and cross-examined the witness at length, and there was no claim that it had suffered any detriment by reason of want of notice. The objection was therefore properly overruled. If the defendant had sustained any injury by reason of insufficient notice, it should not have waited until the trial before making the objection, but should have promptly moved the court to suppress the deposition. The plaintiff would then have had an opportunity to obviate the objection.

The judgment and order are affirmed.

Cooper, J., and Hall, J., concurred.