[Civ. No. 505. Third Appellate District.—September 10, 1908.]

## B. B. TILDEN, Respondent, v. GOLDY MACHINE COMPANY, a Corporation, Appellant.

NON-NEGOTIABLE NOTE—INDORSEMENT BY THIRD PARTY—GUARANTY—LIABILITY OF GUARANTOR.—A third party who indorses a non-negotiable note for the purpose of giving it credit is a guarantor, and is liable *prima facie* for the payment of the note upon default of the principal, without any previous demand or notice.

ID.—INDORSEMENT BY CORPORATION AS GUARANTOR—AUTHORITY OF EXECUTIVE COMMITTEE.—Where a corporation indorsed the note as guarantor by an executive committee, which it had authorized to act in its name, in pursuance of its charter and by-laws, the corporation is bound by such indorsement.

ID.—RECEPTION OF BENEFIT BY CORPORATION—ESTOPPEL.—Where it appears that the maker of the note was an agent of the corporation indorser engaged in the sale of its stock in promotion of an enterprise in which the corporation was engaged, and was an accommodation maker, and that all of the money received from the payee · was received by the corporation and applied for its benefit, it is practically the principal debtor, and is estopped to question the authority under which it obtained the money.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.   A. L. Rhodes, Judge.     .

The facts are stated in the opinion of the court.

William A. Bowden, Beasley & Fry, and Emilio Lastretto, for Appellant.

Jordan & Rowe, Jordan, Brann & Rowe, and E. M. Rea, for Respondent.

CHIPMAN, P. J.—Plaintiff recovered judgment, from which and from the order denying its motion for a new trial defendant appeals.

Defendant was sued as guarantor of the following non-negotiable promissory note:

"15,000.00.            San Francisco, Cal. March 24, 1905.

"On demand; for value received, I promise to pay B. B. Tilden, the sum of Fifteen Thousand Dollars ($15,000.00), with interest at the rate of three per cent (3%) per annum.

                              "WILLIAM T. GARRETT.

"Witness: H. H. BENEDICT.

"Endorsed: The Goldy Machine Company, per S. N. Goldy, H. F. Emme, Executive Committee."

The court found that the defendant is a corporation duly organized and existing under the laws of New Jersey, doing business at Sunnyvale, Santa Clara county, California; that said Garrett executed and delivered to plaintiff said note, and "that at the time and place of its execution, and as a part of the same transaction, and prior to the delivery thereof," defendant "by its writing on the back of said note, guaranteed the payment of the same and undertook and promised to pay to said plaintiff the principal sum and interest thereon therein mentioned," and "that said defendant received from plaintiff, as a consideration for said indorsement of said note, the sum of ten thousand dollars, gold coin of the United States, then and there loaned by said plaintiff to said defendant"; that demand for payment had been made upon said Garrett and refused, and the same is now due and owing from defendant to plaintiff.

The principal point made by defendant is that the evidence fails to show that defendant executed the indorsement on the note and hence the findings are not supported. A preliminary point is made, to wit, that as the note is not negotiable, "the mere indorsement of the name of the company on the back thereof was not in any sense a guarantee that the company would pay the same." The supreme court has decided otherwise. *First National Bank* v. *Babcock*, 94 Cal. 96, [28 Am. St. Rep. 94, 29 Pac. 415], where it was said: "One who writes his name upon the back of a non-negotiable promissory note to give it credit is a guarantor, and is liable *prima facie*

for the payment of the note upon default of the principal, without any previous demand or notice."

Briefly stated, the note in question was executed and de- livered under the following circumstances: Defendant had agreed to purchase certain land in Sunnyvale, Santa Clara county, on which to erect a manufacturing plant, the title to the land depending upon the completion of certain buildings and the operation of an engine thereon; S. N. Goldy was a director, vice-president and general manager of the company. He and H. F. Emme had been appointed the executive committee of the company; C. H. Geldert was its secretary and also a director; he was also the attorney in fact of B. B. Tilden, payee of the note; W. T. Garrett, its maker, was the agent of the company for the sale of its stock and actively engaged in promoting the enterprise, chiefly by the sale of stock; the company was pressed for money to pay its employees and to meet its engagements and its stock did not find ready sale. Under these circumstances, Goldy persuaded Geldert to make a loan of $10,000 to the company for Tilden, plaintiff here. It was agreed that Garrett should make a note for $15,000, and that the company would indorse it, the avowed object being to avoid a note by the company which might affect its credit when appearing on the books, and injuriously affect the sale of stock. Garrett accordingly executed the note in this non-negotiable form and the executive committee of the company indorsed it as shown. It was delivered to Geldert as Tilden's attorney in fact, who hypothecated securities belonging to Tilden, with the Garden City Bank and Trust Company of San Jose, obtained $10,000 thereon and paid this money directly to the Goldy Machine Company, which used it in its business. At the time of the execution of the note, Garrett entered into an agreement with the company by which he subscribed for $15,000 of its stock, the proceeds of the sale of which were to go, first to pay the $10,000 furnished the company and take up the Tilden note, and $5,000 was to go to Garrett as commissions for the sale of the stock—a hard bargain for the company but advisedly entered into under stress of circumstances. Some importance is attached to this latter agreement by defendant, and it is claimed that it was part of the transaction for the loan, but the evidence was that neither Tilden nor his attorney in fact was a party to it, and never assented to it but refused to have

anything to do with it. The trial court doubtless so considered the fact to be and so also must we. Demand of payment of the note was made upon Garrett and refused, and hence this suit.

By subdivision 1, section 22, of the company's by-laws certain powers were conferred upon the board of directors: "(1) to delegate any of the powers of the board in the course of the current business of the company to any standing or special committee, or to any officer or agent, and to appoint any persons to be the agents of the company, with such powers (including the power to subdelegate) and upon such terms as they think fit."

It thus appears that the directors were authorized to delegate "any of the powers of the board in the course of the current business of the company."

Article V of the charter of the company is as follows: "The board of directors are expressly authorized by a resolution passed by a majority vote of the whole board, under suitable provision of the by-laws, to designate two or more of their number to constitute an executive committee, which committee shall, for the time being, as provided in said resolution, or in the by-laws, have and exercise all the powers of the board of directors which may be lawfully delegated in the management of the business and affairs of the company, and shall have power to authorize the seal of the company to be affixed to all papers which may require it."

Pursuant to the foregoing provisions of the charter and by-laws, the board of directors, on January 16, 1905, duly passed the following resolution:

"Resolved: That Messrs. S. N. Goldy and H. F. Emme be and hereby are designated as members of the Executive Committee with authority to exercise all the powers of the board in the current business of the company while the board is not in session."

Acting under its appointment, the executive committee on March 24, 1905, passed the following resolution, as appears from its minutes:

"Whereas, in order for the said William T. Garrett to secure the said sum of ten thousand dollars for investment in this company it is necessary for him to draw a note for fifteen thousand dollars in favor of B. B. Tilden, the same to be indorsed by the Goldy Machine Company:

"Therefore, be it resolved; that considering the necessity of securing this investment the Executive Committee endorses said note in the name of the Company.

"Upon motion the meeting adjourned.

"(Signed)    S. N. GOLDY,

"H. F. EMME,

"Executive Committee."

The execution of the guarantee indorsement by the executive committee is fully proved, and also that the company received the money paid by Tilden. We do not entertain any doubt but that the authority to indorse the note was conferred upon the executive committee. It seems to us that it was entered into in the course of the current business, and in reality it was the obligation of the company, as fully appears from the evidence, and not Garrett's, who was but an accommodation maker. Besides, if this be not so, still, under the circumstances attending the transaction, showing among other things that the company received the money and knowingly used it in its business, it is not in a position now to question the authority under which it obtained the money; it is estopped to set up such defense. (10 Cyc. 1067, 1068; *Lakestreet Electrical R. R. Co. v. Carmichael*, 184 Ill. 348, [56 N. E. 373]; *Main v. Casserly*, 67 Cal. 127, [7 Pac. 426]; *Gribble v. Columbia Brewing Co.*, 100 Cal. 67, [34 Pac. 527.])

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.