[Civ. No. 839.    Second Appellate District.—January 3, 1911.]

## THE MERCHANTS' NATIONAL BANK OF SANTA MONICA, a Corporation, Respondent, v. GEORGE R. BENTEL, Appellant.

NEGOTIABLE PAPER—DEMAND NOTE BEARING INTEREST—APPARENT MATURITY.—A demand note bearing interest is a negotiable instrument, the apparent maturity of which, under section 3135 of the Civil Code, is one year after its date.

ID.—INDORSEMENT BY PAYEE—ISSUE AS TO GUARANTY—FINDING AGAINST EVIDENCE.—Upon an indorsement of such note by the payee, where the complaint alleges a contract of guaranty, and the court found upon issue joined in favor of the plaintiff, it is held that there is no evidence in the record tending to support such finding, or any contract other than that created by law on account of the indorsement of negotiable paper.

ID.—INSUFFICIENT COMPLAINT AGAINST INDORSER—PROPER PRESENTMENT AND NOTICE OF DISHONOR NOT ALLEGED.—The complaint against the indorser, as such, is wholly insufficient, in that it does

not allege presentment of the note to the maker as required by the terms of the note, nor any notice of dishonor thereof to the indorser.

ID.—DEMAND UPON MAKER ESSENTIAL ONLY TO CHARGE INDORSER.—No demand upon the maker is required to charge him; but it is essential that it be properly made upon him, in order to charge the indorser with notice of its dishonor.

ID.—DEMAND NOT MADE AT PROPER PLACE—INSUFFICIENT EVIDENCE OF LETTERS.—Where there is no evidence of any demand made at the place fixed by the terms of the note, letters addressed to the maker at a different place, requiring payment by him, are inadmissible, as having no legal effect as a demand upon him for the purpose of charging the indorser.

ID.—DEMAND UPON INDORSER—NOTICE OF DISHONOR NOT IMPLIED—FORM OF NOTICE.—A mere demand upon the indorser for payment is not notice to him of a like demand upon the maker, or of dishonor by him. Under the terms of section 3143 of the Civil Code, it is provided that the notice of dishonor is sufficient when it is in a form which describes the instrument with reasonable certainty, and substantially informs the party receiving it that the instrument has been dishonored.

ID.—NOTICE OF DISHONOR NOT EXCUSED.—It is held that there is nothing in the record indicating that notice of dishonor was excused.

ID.—IMPLIED GUARANTY BY INDORSEMENT—LIMITATION TO NON-NEGOTIABLE PAPER.—An implied guaranty by indorsement is limited to the indorsement of non-negotiable paper, and has no application to an indorser of negotiable paper whose undertaking is not absolute but conditional, requiring notice of dishonor to make it effectual.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. P. James, Judge.

The facts are stated in the opinion of the court.

H. C. Millsap, for Appellant.

Tanner, Taft & Odell, for Respondent.

ALLEN, P. J.—Plaintiff by its complaint alleged the execution by one Barlow to defendant of a promissory note, dated July 8, 1906, payable on demand at Barlow & Bragdon's office, interest being provided for in said note. Alleged further that defendant sold, assigned and transferred said note, and indorsed and delivered the same to plaintiff and guaranteed the payment of the same; that on or about November 27, 1907, and repeatedly since said date, plaintiff has demanded

the payment of said note, both of the maker and of defendant, but both have refused and still refuse payment. The answer put in issue the allegation of guaranty; denied the demand upon the maker, and denied the notice of dishonor.

The court found in favor of plaintiff upon all the issues, and judgment was rendered in its favor for the unpaid balance due upon said note. From this judgment defendant appeals upon a bill of exceptions. In this bill it is specified that the evidence is insufficient to justify the finding of the guaranty, or of the demand upon the maker, or of the notice of such demand to defendant. The laws of this state making the apparent maturity of a demand note bearing interest one year after its date, the instrument described in the complaint was negotiable. It is not disputed that the indorsement upon the note was in blank. There is no evidence in the record tending to show any contract of guaranty, or a contract other than that created by law on account of the indorsement of negotiable paper. The complaint was sufficient in its allegations as upon a guaranty, but the evidence in the bill of exceptions wholly fails to establish the same. The complaint was insufficient when considered simply as an action against an indorser upon a negotiable instrument, in that it omitted any allegation with reference to presentation at the specified place of payment and notice of dishonor. ''The indorser of a negotiable instrument warrants, *inter alia*, that if the instrument is dishonored he will, upon notice thereof duly given to him, pay the same with interest.'' (*Kinsel* v. *Ballou*, 151 Cal. 754, [91 Pac. 620]; Civ. Code, sec. 3116.) A negotiable instrument is dishonored when it is not paid, on presentment for that purpose. (Civ. Code, sec. 3141.) Notice of dishonor, if it be given by mail, must be deposited in the postoffice in time for the first mail which closes after noon of the first business day succeeding the dishonor. (Civ. Code, sec. 3148.)

The finding of the court that demand was made upon the maker of the note is not supported by any evidence. While it is true that under our code mere delay in presenting a bill of exchange, payable on demand with interest, does not exonerate any party thereto, and that this section applies to promissory notes as well, nevertheless, demand is necessary upon the maker, and notice of dishonor upon the indorser, in

order to fix the liability of the latter. By section 3131, Civil Code, an instrument which specifies a place for its payment must be presented at such place. The only evidence in the record tending to show demand upon the maker is the statement of an officer of plaintiff that demand for payment was made by letter. Copies of these letters were offered in evidence. They were addressed to the maker at a business building in the city of Los Angeles, not shown to have been the place of payment mentioned in the note, and no presentment of the note at that place or any other place was shown. In addition to this, the same officer concedes upon cross-examination that he knew nothing about either the writing or mailing of the letters; simply that the books of the bank contained copies thereof. There is no evidence tending to show any notice of dishonor, unless a demand upon the indorser for payment should be so construed. Section 3143 of our Civil Code, however, provides that the notice of dishonor must inform the party that the instrument has been dishonored. "An indorser's undertaking is not an absolute one. It is conditional; and notice of dishonor is provided for his benefit. It is intended to protect him from loss which may occur by reason of delay in making demand of payment of the maker, or which he may sustain by having no notice of the fact that his principal has failed or refused to pay." (*Stanley* v. *McElrath*, 86 Cal. 457, [25 Pac. 17, 10 L. R. A. 545].) There is nothing in the record indicating that notice of dishonor was excused. The mere demand of payment of the indorser is not notice to him that a like demand has been made upon the maker and payment refused.

Respondent insists that the indorsement of the instrument constituted a guaranty under the authority of *Tilden* v. *Goldy M. Co.*, 9 Cal. App. 9, [98 Pac. 39], and the cases there cited. These authorities have to do with instruments not negotiable in their character, and as to which the sections of the Civil Code above cited have no application. Some stress is also laid by respondent upon the fact that there was evidence tending to show that the amount due upon the note was in fact the debt of the indorser, but the complaint averred the purchase of the note, its absolute sale, indorsement and delivery to plaintiff, thus eliminating any claim of liability outside of that arising upon indorsement.

On account of the insufficiency of the evidence to support the findings above referred to, all of which were material and necessary in support of the judgment, the judgment is reversed and cause remanded for further proceedings.

Shaw, J., and James, J., concurred.