[No. 4885.]

# DAVID FOULKE v. THE SAN DIEGO AND GILA SOUTHERN PACIFIC RAILROAD COMPANY.

CONTRACT OF RAILROAD COMPANY.—The provision in the act concerning railroad corporations, that "no contract shall be binding on the company unless made in writing," refers only to contracts *wholly* executory; but the action against the corporation on such verbal executory contracts must be brought upon an implied promise, and the recovery must be limited to the value of the benefit received by the corporation.

APPEAL from the District Court, Eighteenth Judicial District, County of San Diego.

On the 17th of September, 1872, the defendant, by its president, employed Isaac Hartman, an attorney at law, to conduct legal proceedings in the courts for the condemnation of certain lands in the city of San Diego, for the use of the defendant, and agreed to pay him therefor the sum of one thousand dollars. Hartman entered upon the performance of the services and continued in the same until directed by the defendant to discontinue the proceedings. During the rendition of the services the defendant had notice of the same, through its officers, who frequently conferred with him in relation to the business. On the 13th of September, 1873, Hartman assigned his demand to the plaintiff, who brought this action to recover the same. The complaint contained a count on the special promise to pay one thousand dollars, and also averred that the services were worth that sum. The court found as a fact that the defendant agreed to pay one thousand dollars, but failed to find the value of the services, and rendered judgment for the plaintiff for the one thousand dollars. The defendant appealed from the judgment and from an order denying a new trial.

*McConnell, Bicknell & Rothchild,* for the Appellant.

It will scarcely be claimed that the president of a railway corporation had power, by virtue of his office, to employ attorneys for it.

Under the law in force at the time of these alleged trans-

actions, the president of a railroad company was merely one of the directors chosen to preside at their meetings, etc. (Section 4 of Act of May 20, 1861; Hittell, Art. 829.)

Nor do we see that even a by-law could confer on him the power to bind the company by contract. (Section 7 of General Act; Hittell, Art. 752.)

This section prescribes what may be provided for, by by-laws, but does not enumerate the power referred to.

It remains, therefore, for the company to confer the authority by special resolution. But no such resolution was pretended, nor do the findings tend to support that theory of the case.

The directors, as a body, are endowed by law with a capacity of which, as individuals, they possess not one scintilla. Considered as a body, all their acts, doings and resolves are required to be in writing. (Sections 4, 10 and 11 of act cited; Hittell, Arts. 829, 835, 836; Angell & Ames on Corp., chaps. 98, 276, 224.)

The case of *Pixley* v. *The W. P. R. R Co.*, does not at all conflict with this view. That case holds that under certain circumstances the doctrine of presumption will be invoked to supply the place of a writing.

*A. Brunson,* for the Respondent.

Respondent relies upon the case of *Pixley et al.* v. *The W. P. R. R. Co.* (33 Cal. 183), for the affirmance of the judgment in this case. In the former case it was held that although the railroad act of May 20, 1861, provided that no contract should be binding on the company unless made in writing, yet a parol contract made by the president, ratified by the company *in pais,* and executed, was binding the same as if made in writing.

There is an exact resemblance between the case in 33 Cal. and the one at bar. In both cases the president of the company employed counsel to perform legal services. In each case there was a ratification by the company *in pais,* and in each case there was a performance of services, or what was equivalent thereto.

By the Court, McKinstry, J.:

Section 10 of the act of 1861, concerning railroad corporations, provides: "No contract shall be binding upon the company unless made in writing."

In *Pixley* v. *W. P. R. R. Co.* (33 Cal. 198), it was held that the clause above quoted referred to executory and not to executed contracts, and that when a corporation takes and holds the benefit derived from the performance of a contract not in writing, it is liable to the extent of the benefit received.

There are indeed *dicta* in the opinions delivered in *Pixley* v. *Western Pacific Railroad Company*, to the apparent effect that where all has been done by the other contracting party which the contract requires of him, the corporation should be held to have ratified the express contract, and a recovery be had according to the terms of such contract.

But these were not called for by the circumstances of that case, which was an action on the *quantum meruit*.

The true rule to be deduced from the opinions in *Pixley* v. *Western Pacific Railroad Company*, is, the provision of the statute must be limited to contracts *wholly executory*. It cannot refer to those liabilities which the law itself implies from benefits received and actually enjoyed, where the services have been performed on the one side and received and enjoyed on the other.

In the last class of cases, however, the action must be brought upon the implied promise, and the recovery must be limited to the value of the actual benefit received.

The record of the case before us contains no finding of the value or *reasonable worth* of the services performed by plaintiff's assignor.

Judgment and order reversed, and cause remanded for a new trial.