DONG YOU, YONG KWONG QUON, LAU KAU FAI, LAU DUCH YONG, LEE KAI, LUM BOY LUN, WONG GUN, YONG KWONG TAT, CHOY IN, LOU CHOW, PANG LUM MAN, CHONG FONG, WONG NAP KEE, YIN KOW, LOO KEAU, TOM KIN, WONG IN, YONG LUM KONG, LAU MAN YUNG, CHEE CHEU HIN, LUM WAI CHAN AND LUM DO SAU, COPARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF HONOLULU FIREWOOD COMPANY, *v.* WING HING COMPANY, LIMITED, A CORPORATION.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

HON. W. J. ROBINSON, JUDGE.

SUBMITTED JULY 1, 1915.                    DECIDED JULY 12, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

CORPORATIONS—*partnership*—*implied power.*

A corporation has no implied power to form a copartnership with individuals.

SAME—*authority to form copartnership.*

Section 3388, R. L. 1915, which authorizes two or more corporations to enter into partnership with each other does not authorize a corporation to form a copartnership with an individual.

SAME—*liability for value of benefits received under ultra vires contract— remedy of other party to such contract.*

Where money has been paid or property transferred to a corporation under a contract *ultra vires* but not *malum in se* or otherwise immoral, and the other party has not received the consideration for it, an action of assumpsit, or other appropriate action not based on the unlawful contract, may be maintained for its recovery.

OPINION OF THE COURT BY ROBERTSON, C.J.

The plaintiffs, as copartners under the firm name of the Honolulu Firewood Company, instituted an action of assumpsit in the circuit court against the defendant corporation upon two counts, one for money had and received, the other upon an ac-

count stated. The defendant interposed a plea in abatement alleging that the plaintiffs and the defendant are copartners doing business under the firm name of the Honolulu Firewood Company, and that the matters and things alleged in the complaint relate to and arise out of unsettled partnership affairs. The plea, being traversed, was overruled *pro forma* upon the understanding that the whole case would be tried under an answer of general denial which the defendant then filed. At the conclusion of the trial the court held that the plea in abatement should have been sustained and that the defendant's motion for a nonsuit based upon the same ground should have been granted. Judgment for the defendant was thereupon entered. The plaintiffs then moved for a new trial alleging error in the rulings and judgment. The motion was granted, the court holding that the contract of partnership between the parties, the existence of which was not denied, was *ultra vires* on the part of the defendant and void, and that the plaintiffs were not estopped from treating it as such. Upon the second trial the court found upon the evidence that the amount claimed by the plaintiffs ($1655) was due them from the defendant, and judgment for the plaintiffs was entered in accordance with the findings. The defendant then sued out this writ of error assigning error in the decision and judgment of the circuit court and in the rulings made by the court whereby defendant's plea in abatement was overruled and plaintiffs' motion for a new trial granted.

It appeared in evidence that on May 27, 1907, the plaintiffs and the defendant by written articles entered into a copartnership under the firm name above stated for the purpose of buying, selling and dealing in firewood, and the business was carried on accordingly. An arrangement was agreed upon whereby the defendant corporation, which was engaged in the draying business, would find customers and solicit orders for firewood with the sole right to make delivery thereof to purchasers to whom the cartage would be charged, the price of the wood, per cord, to be fixed by the manager of the copartnership, and the

corporation to make the collections and account for the value of the wood to the firm. From and since the commencement of the business about twenty-seven thousand dollars worth of firewood had been handled under that arrangement and had been accounted and settled for by the defendant except as to the amount involved in this case.

The defendant was incorporated on the 11th day of July, 1904, with power "to buy, sell and deal in firewood * * * to do a general drayage and hauling and contracting business * * * to act as agents in all cases and for all purposes for which agents may be appointed * * * to acquire, purchase, hold, sell or mortgage shares and bonds of any other corporation * * * to do and transact any other business, agricultural, mercantile, mechanical or otherwise." Power to enter into partnership with individuals was not mentioned in the enumeration of powers contained in the articles of incorporation.

The general questions presented for consideration are whether the contract of partnership was *ultra vires* on the part of the defendant, and, if so, is there anything to prevent the plaintiffs from recovering in assumpsit the value of the firewood as represented by the unpaid balance of account. This is not a case of a corporation defending against an attempted enforcement of a contract which it had no power to enter into, nor is it a case of a corporation suing upon an *ultra vires* contract. The claim that the contract of partnership was *ultra vires* was asserted by the plaintiffs in support of their position that the case was properly brought in a court of common law, the action being in assumpsit and in disaffirmance of the contract of partnership.

On behalf of the plaintiff in error it is contended that the statutes of this Territory authorize corporations to form partnerships with individuals. Section 3388, Rev. Laws, 1915, provides that any two or more corporations organized under the laws of this Territory may enter into partnership with each other for the furtherance of their common and authorized objects. Section 16 (R. L. 1915), relating to the construction of

statutes, provides that "the word 'person,' or words importing persons * * * signify not only persons, but corporations, societies, communities, assemblies * * * and the public generally, where it appears, from the subject matter, the sense and the connection in which such words are used, that such construction is intended." From this it is argued that the word "corporations" in section 3388 should be construed to mean or include "persons" and, so construed, would authorize corporations to form partnerships with individuals. There is neither logic nor merit in the argument. Aside from statute corporations are known to the law as persons—artificial or fictitious persons—but not as individuals or human beings. The statute which authorizes two or more corporations to enter into partnership with *each other* cannot by any reasonable construction be held to authorize a partnership between a corporation and an individual. The sense and connection in which the word "corporations" is used in the statute show that it was not so intended. Nor are we able to hold that the defendant was authorized to form the partnership in question in exercise of an implied or incidental corporate power. "According to the prevailing view a corporation has no implied power to become a partner with an individual or another corporation." 7 R. C. L. 607. See *Whittenton Mills* v. *Upton,* 10 Gray 582; *Central R. & B. Co.* v. *Smith,* 76 Ala. 572, 581; *People* v. *North R. Sugar Ref. Co.,* 121 N. Y. 582, 623; *Geurinck* v. *Alcott,* 66 Oh. St. 94, 104; *Bishop* v. *Am. Preservers Co.,* 157 Ill. 284, 313; *White Star Line* v. *Star Line,* 141 Mich. 604. The reason for this, concisely stated in *Fechteler* v. *Palm Bros. & Co.,* 133 Fed. 462, 465, is that "the agency of each partner for the partnership is inconsistent with the management of the corporation by its stockholders through directors and officers chosen only by themselves." It follows that the contract of partnership between plaintiffs and defendant was beyond the power of the defendant to make, and *ultra vires* on its part.

Next, it is contended by counsel for the plaintiff in error

that if the contract was *ultra vires* the plaintiffs are estopped, because parties to it, from asserting its invalidity. There is some conflict of authority on the question whether and, if at all, under what circumstances, corporations and individuals dealing with corporations should be held estopped from setting up the invalidity of contracts entered into by them as being beyond the power of the corporation to enter into. The doctrine maintained by some courts that a contract of even a private corporation which was made without lawful power may not be rendered valid or enforceable either by ratification or estoppel has been criticized by some able modern writers. See 5 Thompson on Corp., Secs. 5971, 5973. But there is abundant authority for the proposition that where, as in the case at bar, money has been paid or property transferred to a corporation under a contract *ultra vires* but not *malum in se* or otherwise immoral, and the other party has not received the consideration for it, an action of assumpsit, or other appropriate action not based on the unlawful contract, may be maintained for its recovery. See 5 Thompson on Corp. Secs. 5983, 6004; 2 Morawetz on Corp., Sec. 721; *Parkersburg* v. *Brown,* 106 U. S. 487, 503; *Pittsburg etc. R. Co.* v. *Keokuk Bridge Co.,* 131 U. S. 371, 389; *Citizens Nat. Bank* v. *Appleton,* 216 U. S. 196; *White* v. *Franklin Bank,* 22 Pick. 181, 186; *Davis* v. *Old Colony R. Co.,* 131 Mass. 258, 275; *Central R. & B. Co.* v. *Smith,* 76 Ala. 572, 582; *Gas-Light Co.* v. *United Gas etc. Co.,* 85 Me. 532, 541; *Tennessee Ice Co.* v. *Raine,* 107 Tenn. 152, 159; *M. & L. R. Co.* v. *Concord R. Co.,* 66 N. H. 100, 132; *Brown* v. *Atchison,* 39 Kan. 37, 54; *Pratt* v. *Short,* 79 N. Y. 437, 445; *Greenville Co.* v. *Planters Co.,* 13 So. (Miss.) 879; *Foulke* v. *Railroad,* 51 Cal. 365; *Lincoln Land Co.* v. *Grant,* 57 Neb. 70. So far as the case in hand is concerned the point goes only to the forum in which the plaintiffs below should have sought relief. Upon the theory of the plaintiff in error the suit should have been instituted in equity upon the contract of partnership for an accounting. We do not say the plaintiffs could not have

pursued that course. Nothing in the record suggests that the defendant had any equitable defense which was not available to it in the trial at law. If it had such it could itself have taken the controversy into a court of equity. The account was not a complicated one such as could not conveniently be tried at law, and we know of no good reason why the action for money had and received to recover the sum which, aside from the *ultra vires* contract, represented the benefit received and retained by the defendant and the amount justly and equitably due and payable to the plaintiffs ought not to have been sustained. The defendant cannot well complain that the plaintiffs have treated as void a contract which it had no right to make and which it was its duty to rescind.

The judgment of the circuit court is affirmed.

*J. Lightfoot* for plaintiff in error.

*E. C. Peters* and *R. J. O'Brien* for defendants in error.